ARNOLD, Circuit Judge.
This matter is before the Court on the appeal of Philip and Mary Flom, the debtors in these bankruptcy proceedings. In an order dated July 1, 1986, the Bankruptcy *559 Court[1] discharged the Floms from all debts under Chapter 7. On August 19, 1986, the Floms filed several pro se motions in connection with their exempt real estate, including a motion to avoid or limit Commercial Credit Service Corporation’s (CCSC) purchase of the first and second mortgages in the Flom bankruptcy proceedings, and a motion to dismiss CCSC’s third-mortgage claim. The Bankruptcy Court record reveals that the Floms appeared at a discharge hearing held on August 21, 1986, and at another hearing (requested by CCSC for relief from a stay) on September 4,1986. It does not appear that the motions in question were ruled upon at either hearing. Nor, for that matter, is there any indication in the record that the motions were ever properly noticed for hearing.[2]
On September 19,1986, the Floms filed a notice of appeal to the District Court, claiming that Judge Mahoney had erred in failing to rule on their motions. In an order dated December 8, 1986, the District Court noted that, because the Floms had not provided a transcript of the bankruptcy proceedings, the record was too incomplete to permit the Court to review the basis for Judge Mahoney’s refusal to rule on the motions. The Court emphasized that it was the Floms’ responsibility to provide the Court with an adequate record on which to consider the appeal, and because they failed to do so, they also failed to meet their burden of showing that the Bankruptcy Court had erred. The District Court concluded by stating, “[t]he order of the bankruptcy court is affirmed.”
However, the Floms’ challenge was not to a Bankruptcy Court order, but to Judge Mahoney’s refusal to rule on their motions. Judge Mahoney’s actions did not constitute a final decision or order for purposes of 28 U.S.C. § 158(a),[3] which limits the jurisdiction of district courts to reviewing final judgments, orders, and decrees of bankruptcy courts. In the circumstances, the District Court should have dismissed the Floms’ appeal for lack of jurisdiction, rather than affirming the Bankruptcy Court.
Accordingly, we reverse the judgment of the District Court, and remand this matter with directions to dismiss the appeal for lack of jurisdiction. It is still open to the Floms, so far as we can tell from the materials before us, to obtain a ruling on their motions from the Bankruptcy Court by following the proper procedure under Local Rule 107(b).

. The Hon. Margaret A. Mahoney, United States Bankruptcy Judge for the District of Minnesota.

. Local Rule 107(b) of the United States Bankruptcy Court for the District of Minnesota requires, among other things, that parties wishing to file such motions must contact the calendar clerk for the judge who will hear the motion and obtain a date and time for a hearing. That information should then be included in the motion itself when filed, and copies of the motion should be served on all parties in interest. The record does not indicate that the Floms have ever obtained a date and time for a hearing.

. 28 U.S.C. § 158(a) provides:
The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.